FILED

2026 Mar-18  PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **JOHN WAYNE WOODARD,** ] | |
| *Individually and as Administrator* ] | |
| *and personal representative of the estate* ] | |
| *of Angela Woodard*, ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| **v.** ] | **Case No. 7:25-cv-1888-ACA** |
| ] | |
| **WAL-MART STORE EAST, LP, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

Plaintiff John Wayne Woodard dropped off his wife, Angela Woodard, at a Wal-Mart location in Jasper, Alabama. While shopping for flowers, a large sign fell off a rolling metal cart and struck Ms. Woodard's leg, causing a large gash that became severely infected. Mr. and Ms. Woodard filed this lawsuit in the Circuit Court of Walker County, Alabama, against Defendants Wal-Mart Stores East, LP and Christopher Rhodes, the store manager. Ms. Woodard later passed away, and Mr. Woodard amended the complaint to add a claim for wrongful death.

Wal-Mart removed the action to this court. Mr. Woodard now moves to remand for jurisdictional and procedural reasons. (Doc. 7). For the reasons below,

the court **WILL GRANT** Mr. Woodard's motion and **WILL REMAND** this action back to the Circuit Court of Walker County, Alabama.

## I.    BACKGROUND

"The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

In May 2025, Ms. Woodard was shopping at a Wal-Mart store in Jasper, Alabama when an unsecured large metal sign fell on her and cut her lower leg. (Doc 1-1 at 97–99 ¶¶ 6–10). Ms. Woodard went to an urgent care facility, where she received care and was discharged the same day. (*Id.* at 99 ¶ 12). Roughly three weeks later, Ms. Woodard returned to a doctor because she was still experiencing "severe pain." (*Id.* at 99 ¶ 13). Her wound was "seriously infected," so she was hospitalized for treatment. (*Id.*). While at the hospital, Ms. Woodard's condition "deteriorated rapidly," and she eventually succumbed to her injuries. (Doc. 1-1 at 99–100 ¶¶ 14–16).

While Ms. Woodard was alive, she and Mr. Woodard sued Wal-Mart and the store manager, Mr. Rhodes, for negligence/wantonness, premises liability, and loss of consortium. (*Id.* at 3–10). After Ms. Woodard passed away, Mr. Woodard amended his complaint to add a claim for wrongful death. (*Id.* at 95–105). Based on the

2

amended complaint, Wal-Mart removed the action, arguing that this court has diversity jurisdiction because the amount in controversy requirement was satisfied and Mr. Rhodes was fraudulently joined. (Doc. 1).

## II.   DISCUSSION

Federal courts are of limited jurisdiction, and a removing defendant bears the burden of establishing that jurisdiction exists by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). A defendant may remove only cases that the court would have jurisdiction over if originally filed in federal court. 28 U.S.C. § 1441(a). Thus, a defendant may remove a case based on diversity jurisdiction when the parties are completely diverse and the amount in controversy exceeds $75,000. *Id.* § 1332(a).

Mr. Woodard moves to remand for two reasons. First, he argues that Mr. Rhodes was not fraudulently joined, so the parties are not completely diverse. Second, if Mr. Rhodes was fraudulently joined, Wal-Mart failed to timely remove the action because it could have removed the initial complaint. Because the court concludes that Wal-Mart did not satisfy its burden of establishing fraudulent joinder, the court does not address whether Wal-Mart had to remove the initial complaint.[1]

---

[1] The parties also dispute whether Mr. Woodard properly served Mr. Rhodes. (Doc. 7 at 2–4; doc. 10 at 5–13). But whether Mr. Rhodes was properly served is relevant only to the forum defendant rule, *see* 28 U.S.C. § 1441(b)(2), not whether this court has diversity jurisdiction. Accordingly, the court does not address whether Mr. Woodard properly served Mr. Rhodes.

A court will find joinder fraudulent and disregard the citizenship of a party in three situations: (1) "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant;" (2) "when there is outright fraud in the plaintiff's pleading of jurisdictional facts;" or (3) "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The burden of establishing fraudulent joinder rests on the removing party, and it is a heavy one. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

Wal-Mart asserts only the first type of fraudulent joinder. (*See* doc. 10 at 21– 22; doc. 1 at 7 ¶ 18; doc. 6 at 7 ¶ 21). It argues that Mr. Rhodes did not place the sign on the cart or know the sign was on the cart, so Mr. Woodard cannot state a cause of action against Mr. Rhodes because he did not personally participate in any alleged negligent action. (Doc. 10 at 22–24; doc. 6 at 12 ¶ 29; doc. 5-1). Mr. Woodard counters that Mr. Rhodes, as store manager, had a duty to maintain a safe premise. (Doc. 7 at 13–15). Thus, according to Mr. Woodard, Mr. Rhodes can be liable despite not personally placing the sign on the cart. (*See id.*).

Alabama law does not clearly determine whether a store manager has a duty to maintain safe premises or whether the duty applies only to a store owner. *Compare*

4

*McCombs v. Bruno's, Inc.*, 667 So. 2d 710, 712 (Ala. 1995) ("[T]here is a duty upon all storekeepers to exercise reasonable care in providing and maintaining a reasonably safe premises for the use of their customers."), *with Dolgencorp, Inc. v. Taylor*, 28 So. 3d 737, 741 (Ala. 2009) ("The liability of a premises owner to an invitee is well settled."); *see Frey v. HED Grp., Inc.*, No. 7:23-CV-967-ACA, 2023 WL 8097071, at *3 (N.D. Ala. Nov. 21, 2023) (outlining the ambiguity).

Because Alabama law on the issue is not clear, the court "must resolve any uncertainties about state substantive law in" Mr. Woodard's favor. *See Crowe*, 113 F.3d at 1538. So there is a "possibility" that Mr. Rhodes held a duty to maintain a safe environment in the store. *See id.* Mr. Woodard alleges that he failed to do so by allowing the sign to be placed and remain on the cart. (Doc. 1-1 at 100 ¶¶ 18–19). Thus, Wal-Mart has failed to satisfy its heavy burden to establish that there is "there is no possibility" that Mr. Woodard "can establish a cause of action against" Mr. Rhodes. *See Crowe*, 113 F.3d at 1538; *see also Patterson v. Publix Super Markets, Inc.*, No. 2:20-CV-0385-JEO, 2020 WL 2543082, at *3 (N.D. Ala. May 19, 2020) (collecting cases holding the same).

Wal-Mart resists this conclusion. It argues that Mr. Rhodes's affidavit establishes that he had no personal participation in placing the sign on the cart, and because "[s]tore managers are not automatically liable" absent personal participation, Mr. Woodard cannot state a cause of action. (Doc. 10 at 22–23; doc. 6

at 11–16; doc. 5). In support of its argument, Wal-Mart relies on *Bagnall v. Dick's Sporting Goods, Inc.*, No. 2:24-CV-481-ACA, 2024 WL 4048842 (N.D. Ala. Sept. 4, 2024). However, this argument addresses only the general rule under Alabama law that "officers or employees of a corporation are liable for torts in which they have personally participated." *Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc.*, 496 So. 2d 774, 775 (Ala. 1986). But as explained above, store managers may have a duty to maintain safe conditions. The parties in *Bagnall* did not argue—and the court did not address—whether the store manager had a duty to maintain a safe premise under Alabama law.

Nor is Wal-Mart's reliance on *Burkett v. Wal-Mart Stores, Inc.*, No. CV-06-RRA-4778-W, 2007 WL 9717445 (N.D. Ala. Jan. 23, 2007) persuasive. (Doc. 5 at 6; doc. 6 at 16 ¶ 33). *Burkett* is not a premises liability case. *See id.* at *1. In that case, the plaintiffs alleged the store manager negligently assembled a bicycle. *Id.* The court found fraudulent joinder because the store manager submitted an affidavit stating that he did not assemble the bicycle; thus, the plaintiff could not show any personal participation. *Id.* at *2

Because Wal-Mart did not satisfy its heavy burden, the court **WILL GRANT** Mr. Woodard's motion.

## III.    CONCLUSION

For the reasons above, the court **WILL GRANT** Mr. Woodard's motion and **WILL REMAND** this case to the Circuit Court of Walker County, Alabama. (Doc. 7).

**DONE** and **ORDERED** this March 18, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE